FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND 2014 FEB 25  P 3:06

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK A. AVERSA, M.D. and EQUITY TRUST COMPANY, CUSTODIAN F.B.O. MARK A. AVERSA - IRA (Plaintiffs recovering jointly), ) ) ) ) | |
| Plaintiffs ) ) | C.A. No. _____ |
| v. ) ) | CA 14 - 104 |
| CHRISTOPHER G. PREFONTAINE, KIMBERLY A. PREFONTAINE, and 24BH25, LLC, ) ) ) ) | |
| Defendants ) ) | |

## COMPLAINT AND CLAIM OF JURY TRIAL

### INTRODUCTION

This is a civil action to recover money due to the Plaintiffs from a judgment and execution against Defendant Christopher G. Prefontaine issued by the Worcester Superior Court in Worcester, Massachusetts.  The Plaintiffs seek to enforce that judgment against Mr. Prefontaine, but assert additional claims against Mr. Prefontaine, against his wife Kimberly, and against limited liability companies controlled by them and which they have manipulated for the purpose of evading creditors including the Plaintiffs.

### PARTIES

1. Plaintiff Mark A. Aversa, M.D. ("Dr. Aversa") is an individual who resides at 25 Colonial Drive, Shrewsbury, Massachusetts.

2. Plaintiff Equity Trust Company, Custodian F.B.O. Mark A. Aversa - IRA ("the Aversa IRA") is a corporation with a place of business in Elyria, Ohio. The Aversa IRA is a so-called "Self-Directed IRA program" which Dr. Aversa funded and for which he acts as agent.

3. Defendant Christopher G. Prefontaine ("Christopher") is an individual who resides at 24 Brown and Howard Wharf, Unit 301, Newport, Rhode Island.

4. Defendant Kimberly A. Prefontaine ("Kimberly") is Christopher's wife and also resides at 24 Brown and Howard Wharf, Unit 301, Newport, Rhode Island.

5. 24BH25, LLC is a Rhode Island limited liability company owned entirely by Christopher and Kimberly. It has an office located at 580 Thames Street, 2nd Floor, Newport, Rhode Island, and its stated business is "real estate." It has no disclosed managers.

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the Plaintiffs are domiciled outside of Rhode Island, all of the Defendants are domiciled in Rhode Island, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## FACTS COMMON TO ALL COUNTS

7. On December 5, 2011, the Plaintiffs filed a civil action in the Worcester Superior Court in Worcester, Massachusetts against Christopher and his company Prefontaine, Inc./Prefontaine-Henderson, Inc. for failure to repay a promissory note in the amount of $250,000 related to a condominium development project. That civil action was entitled *Aversa M.D. et al v. Prefontaine Inc. et al.*, Docket No. WOCV2011-02435 (hereinafter "the Massachusetts state case").

8. In the Massachusetts state case, the Superior Court entered judgment, and an Execution issued against Christopher and Prefontaine, Inc./Prefontaine-Henderson, Inc. in the amount of $352,774.54. A true and accurate copy of the Execution issued by the Worcester Superior Court is attached hereto as Exhibit A.

9. As demonstrated by the transactions described below, Christopher and Kimberly were concerned about the Plaintiffs' lawsuit and began acting in concert to conceal Christopher's assets. Christopher and Kimberly were also concerned about other creditors that had claims and judgments against them.

10. In February 2011, the Plaintiffs having received no payments whatsoever on the aforementioned promissory note, Dr. Aversa sent an email to Christopher indicating that he would attempt to collect on the defaulted promissory note. As he had numerous times before, Christopher attempted to reassure Dr. Aversa that the Plaintiffs would be paid and dissuade him from taking any action to enforce the note. Christopher had previously succeeded in convincing Dr. Aversa to refrain from enforcing the promissory note by making misrepresentations about his ability and intention to repay the promissory note.

11. On or about September 1, 2011 and with knowledge of Plaintiffs' intention to proceed to collect the debt, Christopher and Kimberly arranged for the sale of their residence at 5 Harborview Drive in Newport, Rhode Island, in which property they held substantial equity. At that time, 5 Harborview Drive was owned by KAP, LLC, a now-inactive Rhode Island limited liability company whose sole manager was Kimberly. Christopher and Kimberly had previously transferred the 5 Harborview Drive property to KAP, LLC on July 2, 2007.

12. KAP, LLC sold the 5 Harborview Drive property for $2,556,000.00 to Jonathan and Carol Epstein of Saint Louis, Missouri. Upon information and belief, those funds were received and controlled by Christopher and Kimberly. KAP, LLC failed to file an annual report for 2011 and was subsequently rendered inactive.

13. Just six days after the sale of the 5 Harborview Drive property, and for the express purpose of frustrating creditors of Christopher, on September 7, 2011, Christopher and Kimberly acquired a new residence through a separate LLC, identified as "24BH25, LLC." Newstone Development LLC, a developer, transferred title to Condominium Unit No. 301 in The Residences at Brown and Howard Wharf Condominium, a luxury condominium complex, for $0 to 24BH25, LLC. Simultaneously, Newstone transferred the ownership of 24BH25, LLC to Christopher and Kimberly in exchange for $2,500,000.00. Christopher and Kimberly currently reside at Unit No. 301 in The Residences at Brown and Howard Wharf Condominium and have effectively concealed a substantial portion of Christopher's wealth in it.

14. Christopher continues to receive substantial income, as he regularly boasts on various personal, social, and business websites, as evidenced by the photograph posted to his Facebook page of a commission check made out to him in the amount of $65,291.14, a copy of which is attached hereto as Exhibit B. Christopher has openly admitted (in Internet videos) that he freely shares his income with Kimberly. Christopher and Kimberly have been recognized for their achievements as "network marketers" and claim to have "replaced their real estate income" sometime in 2010. See Article, "Chris & Kim Prefontaine: *Cie*Aura's Newest Diamonds," attached hereto as Exhibit C.

15. Christopher abuses the corporate form to hide the substantial income he continues to receive. Christopher has used the name "Prefontaine, Inc." in at least one real estate transaction in Rhode Island since the Massachusetts state case was initiated in an attempt to hide assets and thereby frustrate the Plaintiffs and other creditors. At that point, Prefontaine, Inc. a/k/a Prefontaine-Henderson Associates, Inc. had been involuntarily dissolved and had not operated under the name "Prefontaine, Inc." for over six years.

16. To date, none of the defendants in the Massachusetts state case have made any payments whatsoever on the judgment in that case, despite Christopher's evident ability to make payments. The aforementioned Execution has been returned unsatisfied by the Worcester County Sheriff's Office.

## CAUSES OF ACTION

### Count I
### Common Law Fraud and Misrepresentation

17. The Plaintiffs adopt and restate the allegations of the foregoing paragraphs as if fully set forth herein.

18. The acts and practices of Defendant Christopher G. Prefontaine constitute actionable common law fraud and misrepresentation. Specifically, Mr. Prefontaine's repeated false assurances to the Plaintiffs concerning his ability and intention to repay the promissory note were intended to, and did, induce reliance by the Plaintiffs to their detriment while Mr. Prefontaine attempted to conceal assets. Defendant Christopher G. Prefontaine is liable to the Plaintiffs according to their proof at trial.

## Count II
## Unjust Enrichment

19. The Plaintiffs adopt and restate the allegations of the foregoing paragraphs as if fully set forth herein.

20. By the acts and practices described above, Defendants Christopher Prefontaine, Kimberly Prefontaine, and 24BH25, LLC have been unjustly enriched and are liable to the Plaintiffs for their damages as established at trial.

## Count III
## Civil Conspiracy

21. The Plaintiffs adopt and restate the allegations of the foregoing paragraphs as if fully set forth herein.

22. The acts and practices of Defendants Christopher Prefontaine, Kimberly Prefontaine, and 24BH25, LLC constitute actionable civil conspiracy for which they are liable to the Plaintiffs according to their proof at trial.

## Count IV
## Fraudulent Transfers
## R.I. G.L. § 6-16-4

23. The Plaintiffs adopt and restate the allegations of the foregoing paragraphs as if fully set forth herein.

24. By their acts and practices described above, Defendants Christopher Prefontaine, Kimberly Prefontaine, and 24BH25, LLC have all engaged in fraudulent transfers intended to evade and frustrate their creditors including the Plaintiffs. Specifically, the transactions involving 24BH25, LLC and Defendants Christopher Prefontaine and Kimberly Prefontaine were undertaken with actual intent to hinder, delay and defraud the Plaintiffs.

### Count V

### Creditor's Equitable Action
### Pursuant to R.I. G.L. § 9-28-1

25. The Plaintiffs adopt and restate the allegations of the foregoing paragraphs as if fully set forth herein.

26. As judgment creditors whose Execution has been returned unsatisfied, the Plaintiffs are entitled to reach and apply those equitable assets of Defendant Christopher Prefontaine that are not exempt.

### Count VI
### Creditor's Equitable Action to Enforce Judgment
### Pursuant to R.I. G.L. § 9-32-6

27. The Plaintiffs adopt and restate the allegations of the foregoing paragraphs as if fully set forth herein.

28. As judgment creditors whose Execution has been returned unsatisfied, the Plaintiffs are entitled to enforce the judgment issued to Plaintiffs in *Aversa M.D. et al v. Prefontaine Inc. et al.*, Docket No. WOCV2011-02435 against Defendant Christopher Prefontaine.

WHEREFORE, the Plaintiffs pray for relief as follows:

A. That the Plaintiffs be awarded judgment against Defendants on Counts I through VI hereof and be awarded damages, interest thereon, and all costs of this action.

B. That Plaintiffs be awarded such other and further relief as to the Court may seem appropriate.

**PLAINTIFFS CLAIM TRIAL BY JURY AS TO ALL ISSUES OF FACT HEREIN**

        Respectfully submitted,

        Mark A. Aversa, M.D. and Equity Trust Company, Custodian F.B.O. Mark A. Aversa - IRA, Plaintiffs

        By their attorneys,

        /s/ Robert C. Shindell

        Robert C. Shindell, R.I. Bar No. 5269
        rshindell@bartongilman.com
        Jenna R. Pingitore, R.I. Bar No. 8862
        jpingitore@bartongilman.com
        Barton Gilman LLP
        10 Dorrance Street, Suite 800
        Providence, RI  02903
        401.273.7171 | 401.273.2904 - Fax


        Roy A. Bourgeois, B.B.O. 051020
        Pro Hac Vice (Pending)
        royb@bourgeoiswhite.com
        BourgeoisWhite, LLP
        One West Boylston Street, Suite 307
        Worcester, MA  01605
        508.753.7038

Dated:  February 25, 2014